**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOWFIQ HEKMAT HEKMAT, A249141221,<br><br>                                    Petitioner,<br><br>v.<br><br>IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,<br><br>                                    Respondents. | Case No.  26-cv-1152-BAS-SBC<br><br>**ORDER:**<br><br>(1) **DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2), AND**<br><br>(2) **REQUIRING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |

Petitioner Towfiq Hekmat Hekmat, an immigration detainee housed at the Imperial Regional Detention Center in Calexico, California, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, accompanied by a Motion proceed in forma pauperis.  ECF Nos. 1–2.

A request to proceed in forma pauperis must include a completed affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee.  *See* S.D. Cal. CivLR 3.2.  The Southern District of California has a standardized application to proceed in forma pauperis, which requires a detailed accounting of income and expenses signed by the requestor.  While Petitioner has submitted that form, it is entirely blank other than

1

Petitioner's signature, containing no financial information whatsoever. Petitioner has not submitted a completed application with a statement of all assets in accordance with this district's application. Accordingly, the Court **DENIES** the request to proceed in forma pauperis. (ECF No. 2.)

Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis, this case is subject to dismissal without prejudice. *See* S.D. Cal. CivLR 3.2; *see also* R. 1(b), 3(a), Rules Governing Section 2254 Cases (2019).

In addition, the Court has reviewed the Petition, and it is blank other than a few boxes checked. (*See* ECF No. 1.) This means that even if Petitioner pays the $5.00 filing fee, the Court does not have enough information for this case to proceed. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (noting a petition is subject to summary dismissal if it is vague or conclusory).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed for failure to satisfy the filing fee requirement or for failure to provide sufficient allegations concerning Petitioner's detention. To avoid dismissal of this habeas case, Petitioner must, no later than **March 18, 2026**: (1) pay the $5.00 filing fee **OR** (2) submit adequate proof of Petitioner's inability to pay the fee. Further, Petitioner should fill out a new petition form and provide as much information as possible, including information about his immigration case and when he was detained by immigration authorities. Otherwise, this case will be summarily dismissed for lack of sufficient information.

For Petitioner's convenience, the Clerk of Court shall attach to this Order (1) a blank application to proceed in forma pauperis and (2) a blank petition for writ of habeas corpus under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**DATED: February 25, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

2

26cv1152