# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

TOWFIQ HEKMAT HEKMAT,

Petitioner,

v.

IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,

Respondents.

Case No. 26-cv-01152-BAS-SBC

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)**

Petitioner Towfiq Hekmat Hekmat, appearing *pro se*, files an Amended Habeas Petition seeking release and claiming that he has "been held in custody unlawfully for more than 8 months." (ECF No. 6.)  The Government responds.  (ECF No. 11.)  Unlike most of the immigration habeas petitions recently seen by this Court, Petitioner actually had a bond hearing before an Immigration Judge, who found that he was a risk of flight and a danger to the community if released.  For the reasons stated below, the Court **DENIES** the Amended Petition.

- 1 -

## I.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    BACKGROUND

Petitioner, a citizen of Afghanistan, attempted to enter the United States on June 17, 2025.  (Declaration of Diana Daniels, ("Daniels Decl.") ¶ 5, ECF No. 11-1.)  He was arrested at the border and, thus, was subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

However, the Department of Homeland Security ("DHS") determined that Petitioner was a member of the class certified in *Franco-Gonzalez v. Holder*, No. CV 10–02211 DMG (DTBx), 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013), because he had been diagnosed with paranoid-schizophrenia.  (*Id.* ¶ 13.)  Membership in the class entitles a class member to a bond hearing after six months of detention where the Government is required to justify continued detention by clear and convincing evidence.  (*Id.* ¶ 14.)  Thus, on December 30, 2025, and January 13, 2026, an Immigration Judge held bond hearings for Petitioner.  (*Id.* ¶ 15.)

At the bond hearings, the Immigration Judge heard evidence that Petitioner has a "well-documented history of making inappropriate and aggressive sexual advances toward female staff at the detention facility." (*Id.* ¶ 16.)  Petitioner reports "delusional beliefs and hallucinations focusing mainly on his fixation with sex and rape."  (*Id.*) His medical providers report his judgment as "impaired, limited, or poor."  (*Id.*)

26cv1152

The Immigration Judge found DHS had sustained its burden by clear and convincing evidence to show that Petitioner would be both a danger to the community and a flight risk if released. (*Id.* ¶ 17.)  Petitioner waived his right to appeal the Immigration Judge's order denying bond. (*Id.* ¶ 18.)  Petitioner's merits hearing was scheduled for April 14, 2026. (*Id.* ¶ 12.)

After receiving Petitioner's Amended Petition, the Court referred the case to Federal Defenders for possible appointment of counsel. (ECF No. 7.)  Federal Defenders filed a Status Report concluding "that the Court can decide the Petition on the existing record without further assistance of counsel." (ECF No. 9.)

## III.    ANALYSIS

### A.    Jurisdiction

Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to proceed.  Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'"  Ibarra-Perez v. United States, ¬-154 F.4th 989, 995 (9th Cir. 2025) (quoting Arce v. United States, 899 F.3d 796, 801 (9th Cir. 2018)).  Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders.  Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999).  "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'"  Ibarra-Perez, 154 F.4th at 995 (alteration in original) (quoting Jennings v. Rodriguez, 583 U.S. 281, 294 (2018)).  "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three.  See Reno, 525 U.S. at 482 (listing possibilities).  Section

- 3 -

26cv1152

1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." Ibarra-Perez, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His detention may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

**B.    Mandatory Detention Under § 1225(b)**

Because Petitioner was arrested at the border and not released into the interior of the United States, he is subject to mandatory detention under 8 U.S.C. § 1225(b). Section 1225(b)(2)(A) applies to an arriving alien seeking admission to the United States. Petitioner, arrested at the border, falls within this section mandating detention.

**C.    Failure to Exhaust Administrative Remedies**

Because Petitioner was a member of the class certified in *Franco-Gonzalez*, 2013 WL 8115423, despite this mandatory detention status, he was afforded a bond hearing before an Immigration Judge. After hearing evidence, the Immigration Judge determined that release of Petitioner into the community would create a risk of danger and a flight risk. Petitioner had the option of appealing this decision to the Board of Immigration Appeals ("BIA"), but, instead, elected to waive his right to appeal and is now appealing directly to the district court.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga v. Chertoff*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the

26cv1152

exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and has failed to do so. Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. Appealing to the BIA allows the agency to correct its own mistakes and may preclude the need for judicial review. And direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

### D.    Prolonged Detention

Petitioner argues that he has been held unlawfully for more than eight months. To the extent Petitioner is claiming that his prolonged detention violates due process, this is belied by the fact that he was afforded a bond hearing, in which the Immigration Judge required the Government to prove by clear and convincing evidence that Petitioner would pose a danger to the community or a risk of flight if released. Thus, Petitioner was given the due process to which he was entitled: a bond hearing.

## IV.    CONCLUSION

For the reasons stated above, the Amended Petition (ECF No. 6) is **DENIED.** The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: April 15, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1152